J. W. WOOLLUMS, Administrator, Appellant, v. ORA ANDERSON et al., Appellees.

No. 44079.

OCTOBER 19, 1937.

Beard & Beard, for appellant.

Grant L. Hayes, for appellees.

STIGER, J.—On June 4, 1920, Hubert E. Roush executed a note to T. C. Olson securing the note by a mortgage on real estate situated in Ringgold County. On November 15, 1922, plaintiff's intestate, W. P. Woollums, became the owner of the note and mortgage. Sometime prior to May 13, 1933, the defendants purchased the property but did not assume and agree to pay the mortgage indebtedness. The note was due June 4, 1923.

On May 13, 1933, about three weeks prior to the expiration of the limitation period, Woollums and defendants entered into the following extension agreement:

"This agreement, made and entered into this 13th day of May, 1933, between Ora Anderson and Bessie Anderson his wife and W. P. Woollums Witnesseth:

"That whereas, on the 4th day of June, 1920, Hubert E. Roush, a single man, made a mortgage upon lot fourteen of block nine, the Original Plat of Ellston, Iowa, to T. C. Olson, the mortgage and the note which is secured thereby, now belonging to W. P. Woollums, and

"Whereas, Ora Anderson is the owner of the real estate above described under conveyance from Hubert E. Roush, and

"Whereas said note became due on the 4th day of June, 1923, and has not been renewed, therefore for the purpose of preventing said note from being barred by the statute of limitations

"It is agreed between the parties hereto that said note is renewed and extended for a period of two years from June 4th, 1933, and that said note and mortgage shall be in full force and effect as per their original terms for the period hereinbefore named."

On January 21, 1937, plaintiff commenced a foreclosure action against defendants alleging a breach of certain terms of the mortgage. The extension agreement was made a part of the petition which asked for a personal judgment against defendants and the foreclosure of the mortgage. Defendants conceded that plaintiff was entitled to a decree of foreclosure but denied plaintiff's right to a personal judgment against them. The plaintiff based his claim for a personal judgment solely on the provisions of the extension agreement. A decree of foreclosure was entered which found and adjudicated that plaintiff was not entitled to a personal judgment against the defendants and rendered a judgment in rem against them.

Plaintiff appeals from that part of the decree which denied him a personal judgment against the defendants.

The note, mortgage, assignment of the mortgage, and the extension agreement constitute all the evidence in the case.

Appellant states in his argument that his "cause of action must stand upon the extension agreement, as there was no other

agreement on the part of the Andersons to be personally liable for the indebtedness originally made between Roush and T. C. Olson.''

The material part of the extension agreement is as follows:

''Whereas said note became due on the 4th day of June, 1923, and has not been renewed, *therefore for the purpose of preventing said note from being barred by the statute of limitations* it is agreed between the parties hereto that said note is renewed and extended for a period of two years from June 4th, 1933, and that said note and mortgage shall be in full force and effect *as per their original terms* for the period hereinbefore named.'' (Italics ours.)

The sole question is, Does this provision of the agreement, as contended by appellant, amount to an assumption of an agreement to pay the mortgage indebtedness?

The circumstances surrounding the parties at the time of the transaction must be gathered from the agreement. Mr. Woollums' cause of action on the note and mortgage would, in a short time, be barred by the statute of limitations. To preserve his action it was necessary that he commence a foreclosure action or otherwise avoid the statute. The defendants were faced with the loss of their property through a foreclosure action. Manifestly, none of the parties to the agreement desired a foreclosure suit. All that Mr. Woollums was interested in was in preserving his cause of action. Any arrangement that would prevent the note from being barred by the statute would accomplish their mutual and respective desires, so they entered into the valid agreement for the sole purpose of ''preventing said note from being barred by the statute of limitations'' and extended its due date two years.

At the time the agreement was entered into, defendants were not personally liable on the note and mortgage. As a condition of the extension of the note, the holder did not require defendants to agree to pay the indebtedness. The agreement clearly stated its purpose and provided that the note and mortgage ''shall be in full force and effect as per their original terms for the period hereinafter named''. The defendants were not parties to the note and mortgage nor were they liable for the indebtedness ''per their original terms''.

This extension agreement, dated May 13, 1933, is in har-

mony with the spirit and purpose of the moratorium act (Acts 45th G. A., ch. 182) which became effective in February, 1933.

The trial court was right in holding that the defendants did not assume and agree to pay the mortgage and were not personally liable for the indebtedness.

The plaintiff claims that the mere fact that the note was extended two years or "renewed" created a personal liability on the part of the defendants. Plaintiff also states "the court has no right to find that the defendants had any other intention in executing the contract, than is expressed in the contract, and the court has no right to conclude that W. P. Woollums had any other intention than that the note and mortgage should be paid by the defendants in consideration of his foregoing his right to foreclosure on the real estate."

We cannot concur in the contention of the plaintiff nor in his construction of the agreement.—Affirmed.

HAMILTON, C. J., and RICHARDS, ANDERSON, SAGER, MITCHELL, KINTZINGER, and DONEGAN, JJ., concur.